UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
: 
KIMBERLY L. S.                : Civ. No. 3:18CV01528(SALM)
:
v.                            :
:
ANDREW M. SAUL,               :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       : December 16, 2021
:
------------------------------x

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) [Doc. #38]**

Plaintiff Kimberly L. S. ("plaintiff") has filed a Motion for Attorney's Fees under 42 U.S.C. §406(b) (hereinafter the "Fee Motion"). [Doc. #38]. For the reasons set forth below, plaintiff's Fee Motion [**Doc. #38**] is **GRANTED** in the amount of **$15,824.00**.

A.   BACKGROUND

Plaintiff filed applications for DIB and SSI on July 21, 2009, and July 28, 2009, respectively, alleging disability beginning June 28, 2008. See Certified Transcript of the Administrative Record, Docs. #13, #14 and attachments, compiled on November 9, 2018, (hereinafter "Tr.") at 55-56. Plaintiff's applications were denied initially on May 19, 2010, see Tr. 75, and upon reconsideration on October 5, 2010. See Tr. 80.[1]

---

[1] Various documents associated with this case, including the ALJ's decision, use dates within a few days of those described

1

On October 8, 2009, plaintiff appointed Attorney Stacey Lobaugh to represent her in the administrative process. See Tr. 68. On July 27, 2011, Attorney Lobaugh "withdr[ew] as the attorney of record" for plaintiff and "waive[d] an attorney fee" for her representation. Tr. 115. On October 20, 2011, plaintiff appointed Attorney Gerard R. Rucci and Attorney Gary Huebner to represent her in the administrative process. See Tr. 118, 121. On November 10, 2011, plaintiff, represented by Attorney Huebner, appeared and testified before Administrative Law Judge ("ALJ") Dierdre R. Horton. See Tr. 28-54. On January 6, 2012, the ALJ issued an unfavorable decision. See Tr. 8-27. On March 15, 2012, plaintiff filed a request for review of the ALJ's decision by the Appeals Council. See Tr. 5-7. On June 20, 2013, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's January 6, 2012, decision the final decision of the Commissioner. See Tr. 1-4. Plaintiff filed an appeal in this District on August 19, 2013. See Tr. 644-48. On August 18, 2014, the case was remanded for further proceedings. See Tr. 649-50.

On November 24, 2015, plaintiff, again represented by Attorney Huebner, appeared and testified for a second time before ALJ Dierdre R. Horton. See Tr. 601-43. On April 20, 2016,

---

above. Those discrepancies have no impact on the Court's analysis.

the ALJ conducted a third hearing, at which plaintiff, still represented by Attorney Huebner, testified. See Tr. 582-600. On June 22, 2016, the ALJ issued a second unfavorable decision. See Tr. 557-571. On July 19, 2017, the Appeals Council declined to assume jurisdiction over the case, thus making the ALJ's June 22, 2016, unfavorable decision the final decision of the Commissioner. See Tr. 2010-15. On October 31, 2018, the Appeals Council, nunc pro tunc, granted plaintiff's request to extend the time in which to commence a civil action through September 10, 2018, the date on which plaintiff filed the instant appeal in this District. See Tr. 2009. On September 10, 2018, plaintiff brought a civil action in this Court. See Doc. #1.

The undersigned granted plaintiff's motion to remand on September 17, 2019, see Doc. #32, and entered a judgment in favor of plaintiff on September 18, 2019. See Doc. #33. On December 16, 2019, plaintiff filed a "Stipulation for Allowance of Fees Under the Equal Access to Justice Act[.]" Doc. #34. On November 22, 2021, the undersigned approved and so ordered the parties' fee stipulation, for the stipulated amount of $8,000.00. See Doc. #37.

Following remand for further administrative proceedings, ALJ Eskunder Boyd issued a partially favorable decision on June 15, 2021. See Doc. #38 at 1. On November 2, 2021, the Social Security Administration ("SSA") issued a "Notice of Award" to

plaintiff, indicating that plaintiff is "entitled to monthly disability benefits from Social Security beginning October 2017." Doc. #38-1 at 3. The Notice states that the SSA "withheld $15,824.00 from your past due benefits in case we need to pay the representative." Id. at 5.

On November 19, 2021, plaintiff filed the instant Fee Motion. See Doc. #38. The Fee Motion seeks "an attorney fee in the amount of $15,824.00, to be adjusted as set forth herein, for a net award of $7,824.00[,]" id. at 1, which "represents 25% of the back benefits awarded or $15,824.00, less the previously awarded EAJA fee of $8,000.00." Id. at 3.

On November 22, 2021, the undersigned took the Fee Motion under advisement and ordered plaintiff's counsel to "file a supplemental memorandum stating whether a final award of retroactive benefits has in fact been made, or whether plaintiff is still awaiting the other letter referenced in the Notice of Award[]" because "[i]t appear[ed] that the Commissioner ha[d] not yet determined the final amount of past-due benefits to be awarded to plaintiff." Doc. #39. On November 23, 2021, plaintiff filed a supplemental memorandum in support of the Fee Motion that did not confirm whether the Commissioner had determined the final amount of the past-due benefits. See Doc. #40.

On December 9, 2021, defendant filed a response to plaintiff's counsel's Fee Motion. [Doc. #42]. Defendant

4

"confirmed that the total amount of past due benefits is $63,296.00, the same amount that Plaintiff's counsel has indicated in his petition." Doc. #42 at 5. Defendant requests that the Court "consider the itemized invoice Plaintiff's counsel submitted in support of the parties' stipulation of consent for EAJA fees, where Plaintiff's counsel indicated he expended a total of 43.8 hours at the district court level[]" in determining the reasonableness of plaintiff's counsel's Fee Motion. Id. Defendant further requests that the Court reject plaintiff's counsel's request for a "net" award and instead award the full fee amount and order plaintiff's counsel to "refund to Plaintiff the $8,000.00 awarded as EAJA fees." Id. at 3.

B. **LEGAL STANDARD**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in

5

court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June

6

25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.   DISCUSSION**

At the outset, the Court notes that plaintiff previously signed a "Social Security Fee Agreement" agreeing to payment of fees to both Attorney Gerard R. Rucci and Gary W. Huebner. Tr. 119-20. Attorney Huebner represents: "Gerard Rucci[] will not file a fee petition with the Social Security Administration for a separate or additional fee from the plaintiff. The undersigned counsel and Attorney Rucci arbitrated the division of fees for cases in which they both represented this plaintiff and other similarly situated clients." Doc. #38 at 3. The Court accepts counsel's representation as an Officer of the Court that the issue of Attorney Rucci's fees is resolved.

Plaintiff signed a fee agreement agreeing "that [her] attorney shall charge and receive as the fee an amount equal to

7

twenty-five (25%) of the past due benefits that are awarded ... in the event [her] case is won." Doc. #38-1 at 1. In light of this agreement and the Court's review of plaintiff's request for fees and defendant's response, the Court concludes that the requested fee is reasonable for the following reasons.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved[.]" Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel achieved a partially favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits.

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee. Although counsel sought one extension of time in this matter, the requested extension was only for thirty days and was directly related to technical difficulties with the administrative record. See Doc. #17.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel spent 43.8 hours working on this case. See Doc. #36-1 at 3. The EAJA fees

previously awarded in this action totaled $8,000.00 for 43.8 hours of work. See Doc. #37 at 7-8. The fee now requested pursuant to §406(b) -- $15,824.00 -- translates to an hourly rate of $361.28. This hourly rate is consistent with other section §406(b) awards that have been approved in this District. See, e.g., Dolcetti v. Saul, No. 3:17CV01820(VAB), 2020 WL 2124639, at *6 (D. Conn. May 5, 2020) (approving a §406(b) fee award "at an hourly rate of $587.68[]"); Torres v. Saul, No. 3:18CV00961(VAB), 2020 WL 3404062, at *4 (D. Conn. June 19, 2020) (approving a fee §406(b) fee award with an "hourly rate of $286.85"); Riley v. Saul, No. 3:17CV01058(VAB), 2020 WL 3790485, at *2 (D. Conn. July 7, 2020) (approving a §406(b) fee award with an "hourly rate of $409.43"). The Court finds that the fee now requested pursuant to section 406(b) is reasonable and would not be an inappropriate windfall to plaintiff's counsel.

Accordingly, the requested attorney's fees in the amount of $15,824.00 will be awarded to plaintiff's counsel.

D.   **CONCLUSION**

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees under 42 U.S.C. §406(b) [**Doc. #38**] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of **$15,824.00. The award of $15,824.00 supersedes and replaces the $8,000.00 in attorney's fees previously awarded by the Court on December 20, 2019.** See Doc. #37.

The Court notes that plaintiff has requested a "net" award of fees in the amount of $7,824.00, which represents the full fee award requested of $15,824.00 minus the previously awarded $8,000.00 EAJA fees. See Doc. #38 at 3. "Fee awards may be made under both" the EAJA and §406(b) "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citation and quotation marks omitted); see also Caraballo v. Comm'r of Soc. Sec., No. 17CV07205(NSR)(LMS), 2020 WL 9815292, at *5 (S.D.N.Y. Mar. 13, 2020) ("Plaintiff's counsel must promptly and affirmatively refund [the EAJA funds] directly to Plaintiff. It is inappropriate to reduce the attorney's fees award pursuant to 42 U.S.C. § 406(b) to offset the previously awarded EAJA funds."). Accordingly, upon receipt of the amended award, Attorney Huebner is ordered to refund to plaintiff the amount of **$8,000.00,** and to thereafter file a certification on the docket that he has done so.

It is so ordered at New Haven, Connecticut this 16th day of December, 2021.

                                                  /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES DISTRICT JUDGE