```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------x
                              :
KIMBERLY L. S.                :    Civ. No. 3:18CV01528(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    April 1, 2022
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) [Doc. #45]**

Plaintiff Kimberly L. S. ("plaintiff") has filed a Motion for supplemental Attorney's Fees under 42 U.S.C. §406(b) (hereinafter the "Supplemental Fee Motion"). [Doc. #45]. For the reasons set forth below, plaintiff's Fee Motion [**Doc. #45**] is **GRANTED, in part,** in the amount of **$7,907.25.**

**A.   BACKGROUND**

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 21, 2009, and July 28, 2009, respectively, alleging disability beginning June 28, 2008. See Certified Transcript of the Administrative Record, Docs. #13, #14 and attachments, compiled on November 9, 2018, (hereinafter "Tr.") at 55-56. Plaintiff's applications were denied initially on May 19, 2010,

1

see Tr. 75, and upon reconsideration on October 5, 2010. See Tr. 80.[1]

On October 8, 2009, plaintiff appointed Attorney Stacey Lobaugh to represent her in the administrative process. See Tr. 68. On July 27, 2011, Attorney Lobaugh "withdr[ew] as the attorney of record" for plaintiff and "waive[d] an attorney fee" for her representation. Tr. 115. On October 20, 2011, plaintiff appointed Attorney Gerard R. Rucci and Attorney Gary Huebner to represent her in the administrative process. See Tr. 118, 121. On that same date, plaintiff signed a "Social Security Fee Agreement" agreeing to payment of fees to both Attorney Gerard R. Rucci and Gary W. Huebner. Tr. 119-20. On November 10, 2011, plaintiff, represented by Attorney Huebner, appeared and testified before Administrative Law Judge ("ALJ") Deirdre R. Horton. See Tr. 28-54. On January 6, 2012, the ALJ issued an unfavorable decision. See Tr. 8-27. On March 15, 2012, plaintiff filed a request for review of the ALJ's decision by the Appeals Council. See Tr. 5-7. On June 20, 2013, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's January 6, 2012, decision the final decision of the Commissioner. See Tr. 1-4. Plaintiff filed an appeal in this

---

[1] Various documents associated with this case, including the ALJ's decision, use dates within a few days of those described above. Those discrepancies have no impact on the Court's analysis.

2

District on August 19, 2013. See Tr. 644-48. On August 18, 2014, the case was remanded for further proceedings. See Tr. 649-50.

On November 24, 2015, plaintiff, again represented by Attorney Huebner, appeared and testified for a second time before ALJ Deirdre R. Horton. See Tr. 601-43. On April 20, 2016, the ALJ conducted a third hearing, at which plaintiff, still represented by Attorney Huebner, testified. See Tr. 582-600. On June 22, 2016, the ALJ issued a second unfavorable decision. See Tr. 557-571. On July 19, 2017, the Appeals Council declined to assume jurisdiction over the case, thus making the ALJ's June 22, 2016, unfavorable decision the final decision of the Commissioner. See Tr. 2010-15. On October 31, 2018, the Appeals Council, nunc pro tunc, granted plaintiff's request to extend the time in which to commence a civil action through September 10, 2018. See Tr. 2009. On September 10, 2018, plaintiff brought a civil action in this Court. See Doc. #1.

The undersigned granted plaintiff's motion to remand on September 17, 2019, see Doc. #32, and entered a judgment in favor of plaintiff on September 18, 2019. See Doc. #33. On December 16, 2019, plaintiff filed a "Stipulation for Allowance of Fees Under the Equal Access to Justice Act[.]" Doc. #34. On November 22, 2021, the undersigned approved and so ordered the parties' fee stipulation, for the stipulated amount of $8,000.00. See Doc. #37.

Following remand for further administrative proceedings, ALJ Eskunder Boyd issued a partially favorable decision on June 15, 2021. See Doc. #38 at 1. On November 2, 2021, the Social Security Administration ("SSA") issued a "Notice of Award" to plaintiff, indicating that plaintiff is "entitled to monthly disability benefits from Social Security beginning October 2017." Doc. #38-1 at 3. The Notice states that the SSA "withheld $15,824.00 from your past due benefits in case we need to pay the representative." Id. at 5.

On November 19, 2021, plaintiff filed a Motion for Attorney's Fees (hereinafter the "Initial Fee Motion"). See Doc. #38. The Initial Fee Motion sought "an attorney fee in the amount of $15,824.00, to be adjusted as set forth herein, for a net award of $7,824.00[,]" id. at 1, which "represents 25% of the back benefits awarded or $15,824.00, less the previously awarded EAJA fee of $8,000.00." Id. at 3.

On November 22, 2021, the undersigned took the Initial Fee Motion under advisement and ordered plaintiff's counsel to "file a supplemental memorandum stating whether a final award of retroactive benefits has in fact been made, or whether plaintiff is still awaiting the other letter referenced in the Notice of Award[]" because "[i]t appear[ed] that the Commissioner ha[d] not yet determined the final amount of past-due benefits to be awarded to plaintiff." Doc. #39. On November 23, 2021, plaintiff

4

filed a supplemental memorandum in support of the Initial Fee Motion that did not confirm whether the Commissioner had determined the final amount of the past-due benefits. See Doc. #40.

On December 9, 2021, defendant filed a response to plaintiff's counsel's Initial Fee Motion. See Doc. #42. Defendant "confirmed that the total amount of past due benefits is $63,296.00, the same amount that Plaintiff's counsel has indicated in his petition." Doc. #42 at 5. Defendant requested that the Court "consider the itemized invoice Plaintiff's counsel submitted in support of the parties' stipulation of consent for EAJA fees, where Plaintiff's counsel indicated he expended a total of 43.8 hours at the district court level[]" in determining the reasonableness of plaintiff's counsel's Fee Motion. Id. Defendant further requested that the Court reject plaintiff's counsel's request for a "net" award and instead award the full fee amount and order plaintiff's counsel to "refund to Plaintiff the $8,000.00 awarded as EAJA fees." Id. at 3.

On December 16, 2022, the undersigned granted plaintiff's Initial Fee Motion and "awarded attorney's fees in the amount of **$15,824.00.**" Doc. #43 at 9. Plaintiff was advised that the "award of $15,824.00 supersede[d] and replace[d] the $8,000.00 in attorney's fees previously awarded by the Court on December

5

20, 2019." Id. (emphasis removed). On February 8, 2022, plaintiff filed a "Certification of EAJA Fee Refund and Supplemental Memorandum RE: Motion for Attorney's Fee Pursuant to 42 USC §406(b)[.]" Doc. #44 at 1. Plaintiff's counsel certified that he had refunded plaintiff the $8,000.00 award of attorney's fees pursuant to the EAJA. See id. An accounting statement signed by plaintiff Kimberly L. S. certifying that she received this refund was also attached. See Doc. #44-1 at 1. Plaintiff also advised the Court that plaintiff's dependents were awarded "benefits based upon ALJ Boyd's June 15, 2021 partially favorable decision." Doc. #44 at 1. The Notices of Award were attached, showing that plaintiff's two children were awarded benefits in the amount of $11,235.00, see Doc. #44-2 at 1, and $23,975.00. See Doc. #44-3 at 1.

On February 11, 2022, plaintiff filed the instant Supplemental Fee Motion. See Doc. #45. The Supplemental Fee Motion seeks "a supplemental award of an attorney fee in the amount of $8,802.50." Id. at 1. Plaintiff's counsel states: "The plaintiff agreed that the undersigned's work had also been successful in obtaining benefits for her sons, and the additional benefits were subject to the fee agreement." Id. at 2. Plaintiff seeks the supplemental fee award on the following basis: "Taken together, the three Notices of Award demonstrate that the undersigned's work resulted in total back benefits of

6

$97,506.00 rather than $63,296.00. If the notices had been issued at the same time, the requested fee would have been 25% of the true total or $24,376.50." Id. These figures contain minor mathematical errors. The Notices of Award reflect benefits for plaintiff's minor children totaling $11,235.00, see Doc. #44-2 at 1, and $23,975.00, see Doc. #44-3 at 1; and the Commissioner confirmed that plaintiff's past due benefits for herself were $63,296.00. See Doc. #42 at 5. These figures total $98,506.00, rather than $97,506.00; 25% of $98,506.00 is $24,626.50, rather than $24,376.50. Accordingly, the requested fee amount of $8,802.50 represents 25% of the $35,210.00 benefits paid to plaintiff's children, or $24,625.50 minus the previously paid $15,824.00.

On February 18, 2022, the Court entered an Order acknowledging plaintiff's Supplemental Fee Motion, and permitting the Commissioner to file a response by March 4, 2022. See Doc. #46. The Court advised the Commissioner: "If no response is filed, the Court will presume that the Commissioner consents to a fee award in this amount." Id.

On March 4, 2022, the Commissioner filed "Defendant's Response to Plaintiff's Counsel's Supplemental Motion for Fees Pursuant to 42 U.S.C. §406(b)[.]" Doc. #47 at 1. The Commissioner stated that "the January 11, 2022 Notice of Award letters did not advise what amount the agency withheld to pay

7

any attorney fee for Plaintiff's auxiliaries." Id. at 5. The Commissioner further clarified:

> [T]he amount owed to a claimant or auxiliary in their first check is not the same as the terms of art "past-due benefits" and "past-due benefits payable" for the purpose of calculating Section 406(b) fees. As such, an attorney seeking Section 406(b) fees cannot simply divide the amount of the first check stated in the Notice of Award by 4 (25%) to determine the maximum Section 406(b) that can be requested. The amount for Section 406(b) purposes is instead derived from the date the underlying favorable determination was issued. See POMS GN 03920.030; 03920.031; 03920.032; 03920.33.

Id. (footnotes omitted). The Commissioner advised that $35,210.00, the total amount stated in the Notices of Awards, was not the correct amount of past-due benefits. See id. Rather, "the actual past-due benefits for Plaintiff's auxiliaries[]" is $31,629.00. Id. Accordingly, "the correct [statutory] maximum is $7,907.25, which is 25% of $31,629[.]" Id.

Pursuant to the Local Rules, "[a]ny reply memorandum ... must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made, as computed under Fed. R. Civ. P. 6." D. Conn. L. Civ. R. 7(d). Accordingly, plaintiff was permitted to reply to the Commissioner's Response to Plaintiff's Supplemental Fee Motion on or before March 18, 2022. As of the date of this Ruling, plaintiff has not replied to the Commissioner's response. Thus, the Court accepts the Commissioner's computation of the maximum fee pursuant to 42 U.S.C. §406(b)(1)(A).

**B.    LEGAL STANDARD**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking

the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

10

**C.     DISCUSSION**

At the outset, the Court notes that plaintiff previously signed a "Social Security Fee Agreement" agreeing to payment of fees to both Attorney Gerard R. Rucci and Gary W. Huebner. Tr. 119-20. In the Initial Fee Motion, Attorney Huebner represented: "Gerard Rucci[] will not file a fee petition with the Social Security Administration for a separate or additional fee from the plaintiff. The undersigned counsel and Attorney Rucci arbitrated the division of fees for cases in which they both represented this plaintiff and other similarly situated clients." Doc. #38 at 3. Attorney Huebner again represents: "As with the previous motion, the undersigned again pledges to honor the fee sharing arrangement with Attorney Rucci." Doc. #45 at 2. The Court accepts counsel's representation as an Officer of the Court that the issue of Attorney Rucci's fees is resolved.

Plaintiff signed a fee agreement agreeing "that [her] attorney shall charge and receive as the fee an amount equal to twenty-five (25%) of the past due benefits that are awarded to [her] family and [her] in the event [her] case is won." Doc. #38-1 at 1. In light of this agreement and the Court's review of plaintiff's request for fees and defendant's response, the Court concludes that the requested fee is reasonable for the following reasons.

11

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved[.]" Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel achieved a favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits. See Doc. #32 at 28 ("[T]he Court finds that remand for further proceedings is required."); see also Doc. #38 at 1 ("After remand by this Court, Administrative Law Judge (ALJ) Eskunder Boyd issued a partially favorable decision dated June 15, 2021, finding plaintiff disabled as of May 1, 2017 and entitling her to disability payments beginning October 2017.").

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee. Although counsel sought one extension of time in this matter, the requested extension was only for thirty days and was directly related to technical difficulties with the administrative record. See Doc. #17.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel spent 43.8 hours working on this case. See Doc. #36-1 at 3. The EAJA fees

12

previously awarded in this action totaled $8,000.00 for 43.8 hours of work. See Doc. #37 at 7-8. The supplemental fee now requested pursuant to §406(b) would result in a fee totaling $23,731.25, which translates to an hourly rate of $541.81. This hourly rate is consistent with other section §406(b) awards that have been approved in this District. See, e.g., Brenda L. O. v. Kijakazi, No. 3:19CV00232(SALM), 2021 WL 4167442, at *3 (D. Conn. Sept. 14, 2021) (approving a §406(b) fee award at an effective hourly rate of $724.28); Dolcetti v. Saul, No. 3:17CV01820(VAB), 2020 WL 2124639, at *6 (D. Conn. May 5, 2020) (approving a §406(b) fee award "at an hourly rate of $587.68[]"); Vainwright v. Berryhill, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017) (approving a §406(b) fee award at an effective hourly rate of $516.66); Sama, 2014 WL 2921661, at *4 (approving a §406(b) fee award at an effective hourly rate of $785.30). The Court finds that the fee now requested pursuant to section 406(b) is reasonable and would not be an inappropriate windfall to plaintiff's counsel.

Accordingly, supplemental attorney's fees in the amount of $7,907.25 will be awarded to plaintiff's counsel.

**D.   CONCLUSION**

For the reasons set forth herein, plaintiff's Supplemental Motion for Attorney's Fees under 42 U.S.C. §406(b) [**Doc. #45**] is

**GRANTED, in part.** Plaintiff's counsel is awarded supplemental attorney's fees in the amount of **$7,907.25.**

It is so ordered at New Haven, Connecticut this 1st day of April, 2022.

                                            /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES DISTRICT JUDGE